**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4309**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUSTAVO LEDESMA-RESENDIZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge. (1:19-cr-00051-DKC-1)

Submitted: January 19, 2021                                Decided: January 21, 2021

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant. Daniel Alan Loveland, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gustavo Ledesma-Resendiz pled guilty, pursuant to a written plea agreement, to reentering the United States without permission after having been removed, 8 U.S.C. § 1326(a), and was sentenced to a below-Guidelines term of 24 months' imprisonment. On appeal, Ledesma-Resendiz's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Ledesma-Resendiz's sentence is procedurally and substantively reasonable. Although advised of his right to file a supplemental pro se brief, Ledesma-Resendiz has not done so.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007. This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we examine, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when

2

measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the sentencing transcript reveals no significant procedural or substantive errors. Ledesma-Resendiz's 24-month sentence falls below his properly calculated advisory Guidelines range of 30-37 months' imprisonment. The district court allowed the parties to present arguments, gave Ledesma-Resendiz the opportunity to allocute, considered the relevant 18 U.S.C. § 3553(a) sentencing factors, and explained the selected sentence. We therefore conclude that Ledesma-Resendiz has not met his burden of rebutting the presumption that his below-Guidelines-range sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Ledesma-Resendiz, in writing, of the right to petition the Supreme Court of the United States for further review. If Ledesma-Resendiz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ledesma-Resendiz.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*